Dear Representative LaFleur:
This office is in receipt of your request for an opinion of the Attorney General in regard to the responsibilities of the Mayor pro-tempore for the town of Ville Platte. You ask whether the Board of Aldermen can require its Mayor pro-tempore to take on new responsibilities in the day-to-day management of the town's infrastructure with an increase in salary in an amount equal to his new responsibilities and obligations. You indicate the Mayor pro-tempore would become full time as manager of the town's infrastructure and enable the city to eliminate the position of Commissioner of Streets and thereby save money while still providing management of the town's assets.
Pursuant to R.S. 33:405(A)(3), "The board of aldermen shall select one of the aldermen to be mayor pro tempore, who shall preside at all meetings in the absence of the mayor, have the same power, and perform all duties of the mayor in the absence or disability of the mayor, except the veto power of the mayor." However, in accordance with our telephone conversation your question pertains to giving the alderman selected as mayor pro tempore responsibilities beyond filling in for the mayor in his absence.
In Atty.Gen.Op. 78-1355 this office noted that the Mayor has "superintending control of all offices and affairs of the municipality", but found no authority to employ the mayor as a "city manager". While it was then observed that the compensation of the mayor by salary for full-time service would not be prohibited, it was then stated, "Despite the fact that the mayor is paid a full-time salary, we believe that the decision to pay the mayor additional compensation, such as a per diem for attending council meetings, lies within the sound discretion of the council."
In Atty.Gen.Op. 78-1283 this office stated, "Hence, it is the opinion of this office that a Mayor who receives a salary for performance of his duties as such should not be additionally compensated for presiding over special meetings of the Mayor and Board of Aldermen." It was noted while the Mayor was compensated in the form of a salary the aldermen are usually compensated on the basis of their actual attendance at meetings rather than in the form of a salary.
It appears the logic of the above cited opinion was the Mayor could not be additionally compensated for performing duties he was already obligated to perform, whereas we find no prohibition for compensating an Alderman selected as Mayor pro-tempore by salary when performing duties he would not otherwise be obligated to perform as an alderman by designating the position as a full time position with these additional duties.
In Atty.Gen.Op. 91-271 this office recognized that the Mayor pro-tempore in a Lawrason municipality is an alderman selected by the Board of Aldermen to preside at all meetings in the absence of the Mayor and has the same power as the Mayor except the veto power. While it was found the compensation is the same as all other aldermen, it was stated it can be increased by ordinance.
Therefore, while a mayor pro tempore is given the authority to perform all duties of the mayor and act as mayor when the mayor is absent or disabled, the contemplated situation would be to have the alderman selected as mayor pro tempore act in additional capacities even when the mayor is not absent and beyond that of his position as alderman as performed by the other aldermen. We find that would be within the scope of the governing authority to make such a decision by enactment of an ordinance to that affect.
We hope this sufficiently answers your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
DATE RELEASED: January 3, 2003